IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYLER RILEY, *et al*,

    Plaintiffs,

v.                                                          No. 24-cv-0384-MV-KK

ALISHA TAFOYA, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on the Prisoner Civil Rights Complaints and supplemental filings in this case, which were filed by or on behalf of the following Inmate-Plaintiffs: Tyler Riley; Manuel Calvillo; Ryder Timaj Cadena-Powell; Clifton B. Stevenson; Patrick Hubson; Wesley D. Gilmore; Jaime Gomez; and Dennis Hendren. *See* Docs. 1, 2, 4, 6, 9, 11, 12, and 15. The Inmate-Plaintiffs seek to prosecute a *pro se* class action lawsuit under 42 U.S.C. § 1983. The claims primarily challenge their confinement, including prison classifications. As a threshold issue, the Court must determine whether it is permissible or feasible for eight Inmate-Plaintiffs to prosecute this case.

    Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

    Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*,

2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023).

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes).

The filings here implicate a number of these concerns. The Inmate-Plaintiffs did not all sign one pleading, nor did they each sign their own pleading limited to their specific claims. It is therefore not possible to discern the scope of the joined claims. The Court also cannot discern which Inmate-Plaintiffs still seek to prosecute claims. Of the eight individuals who filed claims in this case, five never returned *in forma pauperis* forms and at least one (Clifton Stevenson) severed contact with the Court. *See* Docs. 7-8.

In addition, even if the Court were inclined to permit a joinder, the Inmate-Plaintiffs cannot pursue a *pro se* class action as intended. It is well-settled that class representatives may not appear *pro se*. *See McGoldrick v. Werholtz*, 185 F. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are *pro se*, the district court would have abused its discretion if it had certified a class action.") (*citing Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) ("class representatives cannot appear *pro se*").

For these reasons, the Court finds the proposed joinder and class action claims are not permitted. Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if

he wishes to pursue his claims, he must file an independent action").

There is no primary filer in this case. Manuel Calvillo, Patrick Hubson, and Dennis Hendren have submitted or signed multiple filings. Moreover, dismissing the claims and requiring each Inmate-Plaintiff to file their own case will not result in any prejudice. The claims arose in 2024 and are not time-barred. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years"). None of the Inmate-Plaintiffs have paid a fee in this case, as the Court deferred collecting any initial partial filing fees until after making a determination on the proposed joinder. This dismissal ruling will not count as a strike as to any Inmate-Plaintiff since the Court did not reach the merits of any claims. *See Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals from screening dismissals for failure to state a claim).

The Court will therefore dismiss this case, and each pleading herein, without prejudice. Each Inmate-Plaintiff may file a new case limited to their own claims, if they wish to continue litigating. The Court will finally deny all pending motions (Docs. 3, 5, and 16) as moot and without prejudice to refiling in the new case.

**IT IS ORDERED** that all claims in the above-captioned case are **DISMISSED without prejudice**; all pending motions (**Docs. 3, 5,** and **16**) are **DENIED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
MARTHA VAZQUEZ
Senior United States District Judge